## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ADAM X., BRIAN Y., CASEY Z., on behalf of
themselves and all others similarly situated, the
AMERICAN CIVIL LIBERTIES UNION OF
NEW JERSEY, and THE ARC OF NEW
JERSEY;

                    Plaintiffs,

   v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, GARY LANIGAN, in his
official capacity as Commissioner of the New
Jersey Department of Corrections, NEW
JERSEY DEPARTMENT OF EDUCATION,
and KIMBERLEY HARRINGTON, in her
official capacity as Acting Commissioner of the
New Jersey Department of Education,

                  Defendants.

Civil Action No. 3:17-cv-00188-FLW-LHG

**CONSENT ORDER**

The parties and the Court having conferred on the matter of a court-appointed neutral

expert on April 28, 2017, and having agreed to the neutral expert's role,

It is on this ____19 th____ day of May, 2017

ORDERED that

1.  Dr. Joseph Gagnon shall be the court-appointed independent and neutral expert ("the

    expert") in this matter who shall report directly to the Court.

2.  The expert shall render an opinion to the Court which shall include: (1) a review and

    evaluation of the New Jersey Department of Corrections's (NJDOC) policies, practices,

    and procedures pertaining to special education and related services; (2) a review and

    evaluation of the New Jersey Department of Education's (NJDOE) policies, practices,

    and procedures for overseeing the NJDOC's provision of special education and related

services; and (3) recommendations of best practices for providing special education and related services, which shall be based on the information collected, the expert's knowledge of best practices for the provision of these services in the adult correctional environment.

3. The expert shall work jointly with both parties to determine what information is needed in order to provide a factual basis for the opinion rendered to the Court. The expert will: (a) oversee the discovery process, including requesting and reviewing all necessary information from both parties; (b) conduct interviews with relevant individuals; and (c) conduct site visits.

4. The parties and the expert shall confer with the Court to determine a reasonable timeline for this process, and during the period of expert discovery, the parties shall make the necessary materials and access available to the expert in a timely manner.


BY THE COURT:


Hon. Freda L. Wolfson

2