UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM X., BRIAN Y., CASEY Z., on behalf of themselves and all others situated, and the AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY, and the ARC OF NEW JERSEY,<br><br>Plaintiffs,<br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, VICTORIA KUHN, in her official capacity as Acting Commissioner of the New Jersey Department of Corrections, NEW JERSEY DEPARTMENT OF EDUCATION, and ANGELICA ALLEN-McMILLAN, in her official capacity as Acting Commissioner of the New Jersey Department of Education,<br><br>Defendants. | Civil Action No.: 3:17-cv-00188-FLW-LHG<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT AND APPROVING AWARD OF ATTORNEYS' FEES AND COSTS** |

WHEREAS, Adam X., Brian Y., Casey Z., the American Civil Liberties Union of New Jersey ("ACLU-NJ") and the Arc of New Jersey (collectively, "Plaintiffs") filed a putative class action lawsuit in the United States District Court for the District of New Jersey (No. 3:17-cv-00188-FLW-LHG) (the "Action") in January 2017. The Complaint included allegations related to the failure to provide special education or related services and equal educational access to students with disabilities who are incarcerated in New Jersey state prisons, and that as a result, those students were denied a free and appropriate public education in violation of the Individuals with Disabilities Education Act ("IDEA"), Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504") (ECF Nos. 1, 26);

1

WHEREAS, Plaintiffs seek declaratory and injunctive relief against the New Jersey Department of Corrections ("DOC"); Victoria Kuhn, in her official capacity as Acting Commissioner of the DOC; the New Jersey Department of Education ("DOE"); and Angelica Allen-McMillan, in her official capacity as Acting Commissioner of the DOE (collectively, "Defendants") for alleged violations of the IDEA, ADA, and Section 504;

WHEREAS, Plaintiffs and Defendants (collectively, the "Parties"), through their respective counsel, engaged in extensive arm's length negotiations and settlement conferences with the assistance and supervision of Magistrate Judge Goodman over more than three full years, in an effort to reach a resolution to redress Plaintiffs' claims;

WHEREAS, the Parties, through their respective counsel, entered into a settlement agreement on July 15, 2021, (ECF No. 135-3, the "Settlement Agreement"), which, as approved by this Court, resolves the class claims raised in the Action by Plaintiffs, achieves relief on all issues raised in the Complaint, and is subject to judicial enforcement under 18 U.S.C. § 3626(g)(6);

WHEREAS, on July 21, 2021, the Court issued an order: (1) certifying the Class identified in the Settlement Agreement; (2) appointing Plaintiffs as Class representatives; (3) appointing Plaintiffs' attorneys of record as Class Counsel; (4) finding that the proposed Settlement Agreement was fair, warranting dissemination of notice to Class Members; (5) approving the "Class Notice" and a plan to disseminate Class Notice; and (6) preliminarily approving the Settlement Agreement (ECF No. 136, the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order also set deadlines for the receipt of written objections to the Settlement Agreement by Class Counsel and scheduled a Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for January 26, 2022 (*see* ECF No. 136);

WHEREAS, on December 20, 2021, the Court issued an Order extending certain deadlines, including extending the deadline by which written objections to the Settlement Agreement must be received by Class Counsel to January 26, 2022, and continued the Fairness Hearing to March 3, 2022 at 11:00am, to be held via Zoom (ECF No. 144, the "Extension Order");

WHEREAS, the Extension Order approved an "Updated Class Notice" that included these new deadlines, but otherwise left the Class Notice unchanged (ECF No. 144);

WHEREAS, Parties disseminated the Class Notice and Updated Class Notice to the Class Members consistent with this Court's Preliminary Approval Order (ECF No. 136) and Extension Order (ECF No. 144), and as further outlined in the Settlement Agreement;

WHEREAS, Class Counsel did not receive any written objections to the Settlement Agreement as of the January 26, 2022, the deadline for receipt of such objections;

WHEREAS, the Court held a Fairness Hearing on March 3, 2022 at 11:00am and as of that date, Class Counsel still had not received any written objections to the Settlement Agreement, nor were any objections to the Settlement Agreement raised at the hearing;

WHEREAS, Plaintiffs have moved the Court for final approval of the proposed Settlement Agreement, including approval of the negotiated $975,000 in attorneys' fees and costs in the Settlement Agreement;

WHEREAS, Defendants do not oppose Plaintiffs' Motion for Final Approval of Class Settlement Agreement and Award of Attorneys' Fees and Costs (ECF No. 147); and

WHEREAS, the Court has presided over proceedings in the above-captioned matter and has reviewed the pleadings and papers on file, and finds good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Unless otherwise stated, the terms in this Order have the meaning set forth in the Preliminary Approval Order (ECF No. 136), the Extension Order (ECF No. 144), or the Settlement Agreement (ECF No. 135-3).

2. The Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the Plaintiffs, the Class Members, and the Defendants.

3. Defendants served proper notice of the Settlement Agreement under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

4. Distribution of notice of the Settlement Agreement by the Parties, which was done in a manner and form consistent with the Court's Preliminary Approval Order (ECF No. 136) and Extension Order (ECF No. 144), meets the requirements of both due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). The notice distributed to known and potential Class Members was the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5. Class Counsel has not received any written objections to the Settlement Agreement, and no objections were raised at the March 3, 2022 Fairness Hearing.

6. Upon review of the Parties' written submissions and argument at the Fairness Hearing, and careful consideration of the *Girsh* factors, the Court finds that the Settlement Agreement is fair, reasonable, and adequate to all known and potential Class Members in accordance with Federal Rule of Civil Procedure 23(e)(2). *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 488-89 (3d Cir. 2017); (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)). Accordingly, the Court hereby grants final approval of the proposed Settlement Agreement.

7. As stipulated to and represented by the Parties in the Settlement Agreement, and preliminarily ordered by the Court, the Court makes the following final findings regarding the Prison Litigation Reform Act, 18 U.S.C. § 3626(a):

 (i) the education services provided at DOC prisons necessitate the remedial measures contained in the Settlement Agreement;

 (ii) the prospective relief in the Settlement Agreement is narrowly drawn, extends no further than necessary to correct the violations of federal rights as alleged by Plaintiffs in their Complaint, is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of a criminal justice system; and

 (iii) the Settlement Agreement complies in all respects with 18 U.S.C. § 3626(a).

8. The terms of the Settlement Agreement are hereby entered as an enforceable order, based upon the consent and acquiescence of the Parties, 18 U.S.C. § 3626(g)(1), with the Effective Date as of today. In particular, the following actions contemplated by the Settlement Agreement shall now be commenced, if not already underway:

 (i) The New Jersey Department of Corrections shall implement the revised policies and procedures outlined in Section II(b) of the Settlement Agreement.

 (ii) The Parties and External Monitor shall proceed with Period I Monitoring consistent with Section VI(b) of the Settlement Agreement, with appropriately adjusted dates as agreed to by the Parties and External Monitor and represented to the Court.

    (iii)  The External Monitor shall be provided educational records for Class Members who have applied for compensatory education through submission of a signed and dated Compensatory Education Form, so that she may begin her holistic review and compensatory education award determinations pursuant to Sections IV(b) through IV(d) of the Settlement Agreement.

The foregoing provisions and all other terms of the Settlement Agreement shall be subject to judicial enforcement, 18 U.S.C. § 3626(g)(6), as stipulated to in the Settlement Agreement.

  9.  As stipulated to and represented by the Parties in the Settlement Agreement, Plaintiffs are prevailing parties and entitled to attorneys' fees and costs in the agreed-upon amount of $975,000. Settlement Agreement § XII, ECF No. 135-3; *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001); *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 292-94 (3d Cir. 2016).

  10.  The Parties conducted an arm's-length negotiation for attorneys' fees and costs only after reaching agreement on the key merits issues affecting the Class Members, and the negotiated sum of $975,000 represents a significant discount from Class Counsel's lodestar. In accordance with Federal Rule of Civil Procedure 23(h), $975,000 in attorneys' fees and costs is fair and reasonable, considering the considerable skill and experience of Class Counsel and significant relief obtained for the Class Members. Class Counsel is hereby awarded $975,000 in attorneys' fees and costs.

  11.  The Individual Named Plaintiffs, Adam X., Brian Y. and Casey Z. (pseudonyms), shall each receive an incentive award of $5,000, subject to the provisions of the Settlement Agreement.

12. The Settlement Agreement shall remain in effect for five years. The Court shall retain jurisdiction over the Action during that time in order to supervise the implementation, enforcement, construction, and interpretation of the Settlement Agreement, including assisting the Parties and External Monitor in ongoing monitoring and addressing any dispute resolution that may arise, as contemplated by the Settlement Agreement.

**IT IS SO ORDERED.**

Date: March 3, 2022

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge